IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ESTRELLITA BURROW, § § § *Plaintiff,* § § vs. § § UNKNOWN, VIA OPERATOR; AND § VIA TRANSIT, OWNER; § § *Defendants.* § § § | 5-24-CV-00171-FB-RBF |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns pro se Plaintiff Estrellita Burrow's failure to show cause in response to a Court order. *See* Dkt. No. 4. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B).

For the reasons set forth below, it is recommended that this case be **DISMISSED without prejudice** for failure to prosecute and failure to comply with a court order.

**Factual and Procedural Background**

On February 20, 2024, Plaintiff Burrow filed a Motion to Proceed *in Forma Pauperis*. Dkt. No. 1. This Application indicated under penalty of perjury that Burrow's only income was $1,400.00 per month and that Burrow had $100.00 in a checking or savings account. Dkt. No. 1 at 1-2. Burrow's monthly payments for housing, utilities, food, and other expenses were listed to total $1,238.00. *Id*. The Court found that payment of Court fees would cause undue hardship on

Burrow, Dkt. No. 4 at 2, and the Court granted Burrow's Motion subject to an Order to Show Cause. *Id.* at 4.

Burrow was ordered to show cause to address and remedy her Complaint's failure to establish jurisdiction. *Id*. Burrow was given thirty (30) days from the date of the Order, issued July 22, 2024, to file a response with a more definitive statement establishing jurisdiction or otherwise showing cause why the Complaint should not be dismissed under 28 U.S.C. § 1915(e). *Id*. at 4-5. Burrow has not filed anything since her Motion to Proceed *in Forma Pauperis* and her original Complaint, which were filed on February 20, 2024. *See* Dkt. Nos. 1, 2. The docket does reflect, however, that the Court's order was returned as undeliverable. Dkt. Nos. 5 & 6. The Court sent the order both by regular mail and by certified mail, return receipt requested. Both attempts failed despite being addressed to the address provided to the Court by Burrow.

**Analysis**

Federal Rule of Civil Procedure 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order" to "achieve the orderly and expeditious disposition of cases." *Griggs v. S.G.E. Mgmt., L.L.C*., 905 F.3d 835, 844 (5th Cir. 2018). Here, Burrow has failed to show cause in response to a Court order after being warned that her failure to respond could result in dismissal of the case. Moreover, without a response the Court is left lacking a jurisdictional basis to proceed. The Court does not appear to have an address on file that is accurate. It is each party's responsibility, however, to ensure that the Court has accurate contact information for that party. Burrow has failed in that regard, and she has failed to comply with this Court's order. As there is no other step for the Court to take, dismissal is appropriate.

**Conclusion and Recommendation**

For the reasons discussed above, it is recommended that this case be **DISMISSED without prejudice** for failure to prosecute and failure to comply with a court order.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in

this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 1st day of November, 2024.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE