IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ESTRELLITA BURROW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-24-CV-171-FB |
| | § | |
| UNKNOWN, VIA OPERATOR; and | § | |
| VIA TRANSIT, | § | |
| | § | |
| Defendants. | § | |

### ORDER ACCEPTING REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

The Court has considered the Report and Recommendation of United States Magistrate Judge filed in the above-captioned cause on November 1, 2024 (docket #7).  On November 4, 2024, the Report and Recommendation was sent by certified mail, return receipt requested addressed to Plaintiff Estrellita Burrow. On November 26, 2024, the United States Postal Service returned the certified mail to the Office of the Clerk of Court marked "Return to Sender, Unclaimed, Unable to Forward."  (Docket #9).  To date, no objections or response to the Report have been filed.[1]  The Court has reviewed the electronic docket sheet in this case and does not find a change of address notification filed by the Plaintiff.[2]

---

[1] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation.  28 U.S.C. § 635(b)(1).  If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing ."  FED. R. CIV. P. 5(b)(2)(C).  If service is made by electronic means, "service is complete upon transmission."  *Id*. at (E).  When the mode of service is by electronic means, three days are no longer added to the time period to act after being served.  *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure.  In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service.  *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment.  The amendments took effect on December 1, 2016.").

[2] The mailing address for Plaintiff used by the Clerk's Office in this case is the same address Plaintiff used on her Application to Proceed in District Court with Prepaying Fees or Costs which Plaintiff filed on February 20, 2024, to initiate this case.  Since that time, the Plaintiff has not communicated or filed any other document with the Court.

In the Report, United States Magistrate Judge Richard B. Farrer recommends the Plaintiff's case be dismissed without prejudice for failure to prosecute and failure to comply with a court order. After finding merit in Plaintiff's application to proceed in this case *in forma pauperis*, Judge Farrer granted the motion subject to an Order to Show Cause which required the Plaintiff to address and remedy her Complaint's failure to establish jurisdiction.  Plaintiff was given thirty (30) days from the date of the Order, issued on July 22, 2024, to file a response with a more definitive statement establishing jurisdiction or otherwise showing cause why the Complaint should not be dismissed under 28 U.S.C. § 1915(e).  Judge Farrer explains that the Plaintiff has not filed anything since her Motion to Proceed *in Forma Pauperis* and her original Complaint, which were filed on February 20, 2024, and that the electronic case filing systems reveals that the Order to Show Cause was returned as undeliverable (docket numbers 5 & 6).  Judge Farrer states the Court sent the Order to Show Cause both by regular mail and by certified mail, return receipt requested and both attempts failed despite being addressed to the address provided to the Court by the Plaintiff.  Judge Farrer explains further that not only was the Plaintiff warned that her failure to respond to the Order to Show Cause could result in the dismissal of her case, but also that without a response, the Court is left lacking a jurisdictional basis to proceed.  Moreover, the Court does not appear to have an address on file that is accurate despite the fact that it is each party's responsibility to ensure that the Court has accurate contact information for that party.  Not only has Plaintiff failed in that regard, she has also failed to comply with this Court's order.  Therefore, because there is no other step for the Court to take, dismissal is appropriate.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall

make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").  The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), <u>cert. denied</u>, 492 U.S. 918 (1989).  The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that this case shall be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with a court order.

Accordingly, IT IS HEREBY ORDERED that the Report and Recommendation of United States Magistrate Judge filed in this cause on November 12, 2024 (docket #7), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that this case is DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with a court order.  Motions pending, if any, are also DISMISSED, and this case is now CLOSED.

IT IS FURTHER ORDERED that the Clerk of Court send a copy of this Order by certified mail, return receipt requested and by regular mail to Plaintiff at her last known address.

It is so ORDERED.

SIGNED this 27th day of November, 2024.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE